UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

| | |
|---|---|
| JOSEPH EARL PURVEY, JR., <br><br> Plaintiff, <br><br> v. <br><br> ADVANCE SELF STORAGE LLC et al., <br><br> Defendants. | Case No. 2:20-cv-00041 <br><br> Chief Judge Waverly D. Crenshaw, Jr. <br> Magistrate Judge Alistair E. Newbern |

To: The Honorable Waverly D. Crenshaw, Jr., Chief District Judge

## REPORT AND RECOMMENDATION

The docket in this action shows that pro se Plaintiff Joseph Earl Purvey, Jr., has not effected service of process on any of the defendants named in his amended complaint. On May 17, 2021, the Court ordered Purvey to show cause by June 4, 2021, why the Magistrate Judge should not recommend that this action be dismissed under Federal Rule of Civil Procedure 4(m) and warned Purvey that failure to respond could result in a recommendation of dismissal. (Doc. No. 16.) Purvey has not responded to the Court's show-cause order. For the reasons that follow, the Magistrate Judge will recommend that this action be dismissed without prejudice under Rule 4(m).

**I. Background**

Purvey initiated this action on July 17, 2020, by filing a complaint under 42 U.S.C. § 1983 against Defendants Advance Self Storage LLC; the Cumberland County Sheriff's Department; the Crossville Police Department; the Tennessee Highway Patrol; Sheriff Casey Cox; and Tennessee Attorney General Herbert Slatery, III. (Doc. No. 1.) Purvey paid the filing fee on September 1, 2020 (Doc. No. 5), and the Court informed Purvey that he "is responsible for effecting service of process on all Defendants in accordance with . . . Rule 4 of the Federal Rules of Civil Procedure"

(Doc. No. 7, PageID# 29). At Purvey's request, the Clerk of Court issued summonses to Defendant Cox (Doc. No. 6) and Defendants Advance Self Storage LLC, the Tennessee Highway Patrol, and the Cumberland County Sheriff's Department (Doc. No. 9). The Court extended the deadline for service of process in this action to November 16, 2020, and reminded Purvey "that, even though he is appearing pro se, he is responsible for complying with the Federal Rules of Civil Procedure[,]" including serving each defendant in compliance with Rule 4. (Doc. No. 11, PageID# 54.)

On November 4, 2020, Purvey filed an affidavit stating that he "returned all summons[es] to [the C]ourt because they were inadvertently damaged by severe weather related events before they could be served[,]" and asking the Court for permission to amend the defendants named in his complaint. (Doc. No. 12, PageID# 56.) The Court granted Purvey leave to file an amended complaint, ordered him to file an amended complaint by December 7, 2020, and further ordered Purvey to "present summonses for each defendant named in the amended complaint to the Clerk of Court for signature and seal." (Doc. No. 13, PageID# 63.) Purvey filed an amended complaint on December 17, 2020, asserting constitutional claims under 42 U.S.C. § 1983 against Defendants Advance Self Storage LLC, Sheriff Cox, Sheriff's Deputy Dakota Rucker, Three Forks Property LLC, the Tennessee Highway Safety Office, and the Cumberland County Mayor. (Doc. No. 14.) Purvey has not presented summonses for any of these defendants to the Clerk of Court for signature and seal.

On May 17, 2021, the Court found that Purvey still had not effected service of process on any of the defendants named in his amended complaint and ordered him to show cause by June 4, 2021, why the Magistrate Judge should not recommend that this action be dismissed under Rule 4(m) for Purvey's failure to effect service of process on any defendant. (Doc. No. 16.) The

Court ordered Purvey to return completed summons forms for each defendant named in his amended complaint with his response to the show-cause order and warned him that failure to comply with the show-cause order would likely result in a recommendation that his claims be dismissed. (*Id.*) Purvey has not responded to the Court's show-cause order.

**II.      Legal Standard**

"[T]he requirement of proper service of process 'is not some mindless technicality[,]'" *Friedman v. Est. of Presser*, 929 F.2d 1151, 1156 (6th Cir. 1991) (quoting *Del Raine v. Carlson*, 826 F.2d 698, 704 (7th Cir. 1987)), nor is it "meant to be a game or obstacle course for plaintiffs[,]" *Ace Am. Ins. Co. v. Meadowlands Dev. Ltd. P'ship*, 140 F. Supp. 3d 450, 455 (E.D. Pa. 2015). Rather, it goes to the very heart of a court's ability to hear a case. "[W]ithout proper service of process, consent, waiver, or forfeiture, a court may not exercise personal jurisdiction over a named defendant." *King v. Taylor*, 694 F.3d 650, 655 (6th Cir. 2012); *see also Mann v. Castiel*, 681 F.3d 368, 372 (D.C. Cir. 2012) (explaining that "[s]ervice is . . . not only a means of 'notifying a defendant of the commencement of an action against him,' but 'a ritual that marks the court's assertion of jurisdiction over the lawsuit'" (citation omitted)). Where personal jurisdiction is not properly established, a court cannot exercise its authority consistent with due process of law. *See Friedman*, 929 F.2d at 1156–57.

Federal Rule of Civil Procedure 4(m) provides that "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). The Court must extend the time for service upon a showing of good cause, and the Court may exercise its discretion to permit late service even where a plaintiff has not shown good cause. Fed. R. Civ. P. 4(m) advisory committee's note to 1993 amendment (explaining that Rule 4(m) "explicitly provides that the court shall allow

additional time if there is good cause for the plaintiff's failure to effect service . . . and authorizes the court to [grant relief] . . . even if there is no good cause shown"); *see also Henderson v. United States*, 517 U.S. 654, 662–63 (1996); *DeVane v. Hannah*, No. 3:11-cv-00389, 2011 WL 5916433, at *2 (M.D. Tenn. Nov. 28, 2011). Otherwise, the language of Rule 4(m) mandates dismissal, either on motion or sua sponte. Fed. R. Civ. P. 4(m); *see also Byrd v. Stone*, 94 F.3d 217, 219 & n.3 (6th Cir. 1996). In light of this plain language, it is well established that Rule 4(m) empowers a court to dismiss complaints without prejudice "upon the court's own initiative with notice to the plaintiff." *Hason v. Med. Bd. of Cal.*, 279 F.3d 1167, 1174 (9th Cir. 2002); *see also Friedman*, 929 F.2d at 1155 n.4 (noting that "the issue of ineffective service of process may be raised sua sponte").

**III.     Analysis**

More than 300 days have passed since Purvey initiated this action, and more than 200 days have passed since the Court ordered Purvey to file an amended complaint and present summonses for each defendant named in the amended complaint to the Clerk of Court for signature and seal. (Doc. Nos. 1, 13.) To date, no defendant has been served or appeared in this action. The Court gave Purvey ample opportunity to present summonses for and effect service of process on the defendants named in Purvey's amended complaint and issued a show-cause order providing him with an opportunity to explain why the Court should again extend the time for service rather than dismiss his claims. (Doc. No. 16.) Purvey did not respond.

The fact that Purvey appears pro se does not excuse his failure to comply with the Court's orders. *See Cantrell v. Parker Corp.*, Civ. No. 3:13-1395, 2014 WL 7366100, at *1–2 (M.D. Tenn. Dec. 23, 2014) (dismissing pro se plaintiff's complaint without prejudice for failure to comply with court orders and Rule 4(m)). Because Purvey has not effected service of process on the defendants in compliance with Rule 4 and this Court's orders despite ample time to do so, notice

that failure may result in dismissal, and an opportunity to show good cause to excuse his failure, dismissal without prejudice under Rule 4(m) is appropriate.

IV.     **Recommendation**

For these reasons, the Magistrate Judge RECOMMENDS that this action be DISMISSED WITHOUT PREJUDICE under Rule 4(m).

Any party has fourteen days after being served with this Report and Recommendation to file specific written objections. Failure to file specific objections within fourteen days of receipt of this report and recommendation can constitute a waiver of appeal of the matters decided. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004). A party who opposes any objections that are filed may file a response within fourteen days after being served with the objections. Fed. R. Civ. P. 72(b)(2).

Entered this 14th day of June, 2021.

_____
ALISTAIR E. NEWBERN
United States Magistrate Judge